UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 32BJ, AFL-CIO,

                Plaintiff,                **ECF CASE**

                v.

                              **Civil Action No. 04 CV 05490**
                                      **(DAB) (AJP)**
GUARDIAN SERVICE INDUSTRIES, INC.,

                Defendant.
-----------------------------------------------------------x

**COMPLAINT
TO ENFORCE ARBITRATION AWARD**

Plaintiff Service Employees International Union, Local 32BJ, AFL-CIO ("Local 32BJ" or "Union") brings this action for enforcement of an arbitration award:

INTRODUCTION

1. This action seeks to confirm and enforce a labor arbitration award issued on June 11, 2004 by Arbitrator Nicholas J. Cooney in proceedings under a collective bargaining agreement.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under Section 301 of the Labor Management Relations Act ("Act"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

3. Venue is proper in this District because the events giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is a labor organization within section 2(5) of the Act, 29 U.S.C. § 152(5). Local 32BJ represents over 70,000 building service workers in the greater New York City metropolitan area, including the building service workers employed by Guardian Service Industries, Inc. ("Guardian" or "Employer"), a cleaning contractor, at 1 Broadway, New York, New York ("Building").

5. Defendant Guardian is an employer within section 2(2) of the Act, 29 U.S.C. § 152(2).

## CAUSE OF ACTION

6. Defendant is a member of the Realty Advisory Board on Labor Relations, Inc. ("RAB"), a multi-employer bargaining association, and, as such, is bound to the 2002 Contractors Agreement Between Local 32B-32J Service Employees International Union, AFL-CIO and The Realty Advisory Board on Labor Relations, Inc. ("Agreement"), effective for the period January 1, 2002 through December 31, 2004. The Agreement covers the terms and conditions of employment for the building service workers at the Building. A copy of the Agreement is attached as Exhibit A.

7. Article III of the Agreement requires the Employer to have justifiable cause to terminate any covered employee.

8. Article V of Agreement requires that all disputes concerning interpretation, application, or performance of any part of the Agreement be resolved through binding arbitration.

9. On or about June 27, 2003, Defendant terminated Jose Heinsen ("Heinsen"), a 30-year employee, without justifiable cause in violation of the Agreement.

10. Local 32BJ filed a timely grievance concerning Defendant's violation of the Agreement, and timely demanded arbitration of the dispute.

11. After an arbitration hearing, Arbitrator Cooney issued his Opinion and Award, dated June 11, 2004, ordering the Defendant, *inter alia*, to reinstate Heinsen to his former position and shift at the Building. A copy of the award is attached hereto as Exhibit B.

12. Notwithstanding Arbitrator Cooney's award, the Defendant has refused to reinstate Heinsen.

13. In rendering his award, Arbitrator Cooney acted within the scope of his authority to decide disputes arising under the Agreement.

14. Arbitrator Cooney's award is procedurally and substantively valid under the standards of federal labor arbitration law.

15. The Defendant's failure to comply with Arbitrator Cooney's award is in bad faith and without justification.

16. Without this Court's order enforcing and confirming the Arbitrator's award, the Defendant will continue to refuse to comply with the award.

17. A copy of the award was sent by certified mail to the Defendant and delivered on June 14, 2004.

18. Article VI, Section 6 of the Agreement provides that if either party fails to abide by an arbitration award within two weeks after the award is sent by registered or certified mail to the parties, the other party shall be entitled to take any action necessary to secure the award and to recover all of its expenses, costs and attorneys' fees in any suit to enforce the award.

WHEREFORE, the Plaintiff requests the following relief:

 A. An order confirming and enforcing Arbitrator Cooney's June 11, 2004 award and directing Defendant to reinstate Heinsen to his position at the Building;

 B. An order directing Defendant to make Heinsen whole for any losses he sustained as result of the Defendant's failure to so reinstate him;

 C. An order requiring Defendant to pay prejudgment interest at an annual rate of nine percent (9.0%) on the monetary amounts due under Paragraph B;

 D. An order requiring Defendant to pay Plaintiff's costs and reasonable attorneys' fees in accordance with the Agreement; and

 E. Such other and further relief as the Court deems just and proper.

Dated: July 14, 2004   Respectfully submitted,

Office of the General Counsel

By: _____
  Judith I. Padow (JIP1151)

Assistant General Counsel
Service Employees International Union,
Local 32BJ, AFL-CIO
101 Avenue of the Americas, 19th floor
New York, New York 10013
Phone: (212) 388-3854
Facsimile: (212) 388-2062
Attorneys for the Plaintiff